UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case number 1:21–cr–00682–TFH |
| | : | |
| **PHILLIP JAMES WEISBECKER,** | : | |
| | : | |
| **Defendant.** | : | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION SEEKING CORRECTION OF TERMS OF PROBATION AND AMENDMENT OF JUDGMENT**

On July 19, 2022, Defendant Phillip James Weisbecker moved this Court to correct and amend the judgment "to reflect a sentence of 23 days rather than 30 days." ECF No. 40, Motion Seeking Correction and Amendment of Judgment ("Motion"), at 1. Defendant seeks to amend the judgment based on his contention that the Court intended to award Defendant credit for 7 days of pretrial confinement after his arrest on the federal charges. To the extent Defendant seeks a sentence that the Court did not intend or impose, the Government opposes the motion.

The Court is without authority to grant the Motion because, under 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 333 (1992), only the Bureau of Prisons ("BOP") can award credit for time served. This Court cannot grant Defendant his requested relief under either Rule 35(a) or Rule 36 of the Federal Rules of Criminal Procedure. Additionally, the Court explicitly ordered that Defendant serve two 15-day intervals of incarceration indicating no clerical error occurred under Rule 36. If, however, the Court intended Defendant to serve 23 days of incarceration, the Government does not oppose the Court issuing such a statement on the record for BOP's consideration.

1

**Relevant Background**

On October 14, 2021, Government filed a criminal complaint that charged Defendant violated 18 U.S.C. §§ 1752(a)(1), (2) (knowingly entering or remaining in a restricted building of grounds without lawful authority and engaging in disorderly or disruptive conduct in any restricted buildings or grounds), and violent entry and disorderly conduct and parading, demonstrating, or picketing on capitol grounds, in violation of 40 U.S.C. §5104(e)(2)(D), (G). ECF No. 1. The Government later filed a four-count information that charged Defendant in Count 1 with violating 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building), Count 2 with violating 18 U.S.C. § 1752(a)(2) (Disorderly Conduct in a Restricted Building), Count 3 with violating 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and Count 4 with violating 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). ECF No. 14.

On March 3, 2022, Defendant pleaded guilty to Court 4, Parading, Demonstrating, or Picketing in a Capitol Building. ECF Nos. 26-27.

On June 27, 2022, the Court sentenced Defendant to 36 months' probation and, pursuant to 18 U.S.C. § 3563(b)(10), imposed as a special condition of probation of 30 days of imprisonment to be served in two 15-day intervals. ECF No. 36 at 4.

On July 6, 2022, Defendant filed a motion seeking, in part, 30 days of straight confinement. ECF No. 35, Motion For Return of Passport and Clarification of Special Conditions of Probation. In a July 12 minute order, the Court denied Defendant's request for a straight 30-day prison sentence and ordered Defendant to "serve the 30-day sentence in two 15-day intervals to be completed during his first year of probation."

Defendant then filed the present Motion. On July 20, 2022, the Court issued a minute order that directed the United States Probation Office to file any response to Defendant's motion by July 22, 2022.  The United States Probation Office filed its response to the Court's minute order.  It asserted the Court could not grant Defendant's request for seven days' time served, but alternatively could "amend the sentence and impose 23 days of intermittent confinement." ECF No. 41, Probation Memorandum, at 2.   For the reasons stated herein, this Court should deny the Motion.

**ARGUMENT**

A. **18 U.S.C. § 3585 does not permit the Court to award Defendant credit for time served at the sentencing hearing.**

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." *Id.*  Under § 3585(b), relevant here, "a defendant shall receive credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).  In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court clarified that Congress intended the computation of credit for time served must occur after a defendant begins his sentence and therefore a district court cannot apply § 3585(b) at sentencing. *See id.* at 333 ("§ 3585(b) [does not]authorize[] a district court to award credit at sentencing."); *see id.* ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a)…. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine

3

the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").

Here, although undersigned counsel's sentencing notes reflect the Court referenced credit for time served while discussing sentencing factors under § 3553(a), even if the Court intended that Defendant receive credit for time served, it would have been error because only the Bureau of Prisons can award credit towards a sentence of time served. *Wilson*, 503 U.S. at 333.

The United States Probation Office also agrees that Defendant may not receive seven days credit for his pretrial confinement. ECF No. 41, Probation Memorandum, at 2. In support of its contention, the Probation Office relies upon an order vacated and later amended in *United States v. Shimabukuro*, No. CR 03-00560 SOM (04), 2017 WL 11483527 (D. Haw. July 17, 2017), *vacated*, 887 F.3d 867 (9th Cir. 2018), *as amended* (Apr. 20, 2018). The Court should not rely on Probation's Memorandum to the extent it relies on *Shimaburkuro*. The issue in *Shamaburkuro* involved whether a drug felony defendant's 150-day intermittent confinement at a federal detention center imposed after a second revocation of supervised release should count against the available statutory maximum term of imprisonment he may be resentenced to upon revocation. *Id.* at *1-3. The district court in *Shamaburkuro* stated that it could not find "a Ninth Circuit case directly addressing the issue of whether intermittent confinement spent in prison affects the prison time that may be imposed upon a later revocation of supervised release." *Id.* at *3. Therefore, it relied on "cases involving community confinement (halfway houses) or community treatment, and home detention." *Id.*

*Shamaburkuro* is factually distinct from the matter before the Court. *Shamaburkuro* (and the Probation Office by extension) rely on the Sentencing Guidelines which do not apply in this Class B misdemeanor case. More importantly, the defendant in *Shamaburkuro* sought credit for

time served after the district court sentenced him and during a revocation proceeding. Here, Defendant seeks credit for time served prior to beginning his sentence. As such, the reasoning in *Shamaburkuro* is inapplicable.[1]

### B. Rules 35(a) and 36 are not proper vehicles for the defendant's challenge.

Probation's Memorandum advises the Court that the Court may amend Defendant's sentence and impose a 23-day sentence of intermittent confinement. ECF No. 41, Probation Memorandum, at 2. Amendment of Defendant's sentence in such a manner is unavailable because it would be untimely.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court within 14 days of imposing a sentence to "correct" the sentence if the sentence "resulted from arithmetical, technical, or other clear error."[2] *Id.* A sentencing court's authority under Rule 35(a) is "intended to be very narrow and to reach only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35, Advisory Committee Notes, 1991 Adoption; accord *Baylor v. United States*, 314 F. Supp. 47, 50 (D.D.C. 2004) ("Rule 35 serves the narrow function of allowing correction of technical errors in a sentence."). The "extremely limited" authority, *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008), conferred under Rule 35(a), is "limited to technical errors, such as scrivener's errors, and does not extend to substantive objections about the reasonableness of the sentence." *United States v. Hernandez-Garcia,* No. 20-cr-1116, 2021 WL

---

[1] The Ninth Circuit vacated the district court's Order and held the 150-day intermittent confinement constituted time spent in prison and that the district court should have included the time in its calculation. *United States v. Shimabukuro*, 887 F.3d 867 (9th Cir. 2018), as amended (Apr. 20, 2018).

[2] Although, Defendant's motion does not cite Rule 35(a), Defendant explicitly "moves to correct the terms of probation to reflect credit for time served." ECF No. 40, Motion Seeking Correction and Amendment of Judgment, at 1.

2198787, at *2 (S.D. Cal. May 6, 2020) (citing *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011)).

Because more than 14 days have transpired since the sentence was imposed, the Court may not "amend" the judgment because of "arithmetical, technical, or other clear error." Federal Rule of Criminal Procedure 35(a). Thus, an amendment of the judgment under Rule 35(a) is unavailable. Moreover, even if filed timely, relief was unavailable because the Court was not authorized to award credit for time serve and therefore no error much less clear error occurred when the Court sentenced Defendant to a 30-day interval term of confinement.

The Court may, however, "correct a clerical error in a judgment." Federal Rule of Criminal Procedure 36. Under Rule 36, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or corrected an error in the record arising from oversight or a mission." *Id.* Correction under Rule 36 would occur if the Court announced a term of 23 days incarceration during the sentencing hearing, but the Clerk failed to correctly record that sentence in the judgment. That did not happen here. Moreover, given that the judgment states that the 30 days of intermittent confinement is to be served in two, 15-day increments and that the Court in its July 12 Minute Order denying Defendant's motion for 30 days straight confinement restated "Defendant must serve his sentence during 'nights, weekends, or other intervals of time' as a condition of his probationary sentence within the first year of his probationary term," Defendant's interpretation of this Court's intended sentence seems counterintuitive at best.

If Defendant believes that he is entitled to 7 days credit towards the custodial portion of his probationary sentence, he should make the appropriate request to the BOP. If the Court intended to but did not impose a sentence of only 23 days, the Court could make a statement to that effect on the record for the benefit of the BOP. The Government does not object to delaying the second

6

15-day term of intermittent confinement until the BOP determines whether to award Defendant credit for the previously served 7 days.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Michael G. James
MICHAEL G. JAMES
Assistant United States Attorney
N.Y. Reg. No. 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-DC)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Mike.James@usdoj.gov
Telephone: (919) 856-4530